UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ANGELIQUE CHAPPELL,

      Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

      Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ANGELIQUE CHAPPELL, a Texas citizen and resident, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and alleges:

### JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2.      Plaintiff ANGELIQUE CHAPPELL is sui juris and at all material times has been a citizen and resident of the state of Texas.

3.      Defendant, CARNIVAL CORPORATION, is a Panamanian corporation with its principal place of business in Miami, Dade County, Florida.  At all material times Defendant, CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL

CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4.      Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2).  As alleged above there is complete diversity in citizenship of the parties because Plaintiff ANGELIQUE CHAPPELL is and all material times has been a citizen and resident of the state of Texas, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes.  The damages claimed exceed the minimum jurisdictional amount required for diversity of citizenship cases.  The damages alleged in Paragraphs 13 and 15 below, including a tibial fracture, support an award in excess of $75,000.00.

5.      At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.      At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7.      At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8.      In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9.    Venue is also proper in this district because the Defendant's principal places of business are located within this district.

10.    Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff reported her injury to the ship's crew shortly after it occurred.

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

11.    At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "HORIZON."

12.    At all material times, including the injury date of July 29, 2019, the Plaintiff was a fare paying passenger aboard the CARNIVAL M/S "HORIZON" and in that capacity was lawfully present aboard the vessel.

13.    On July 29, 2019, the Plaintiff was descending an onboard staircase leading from Deck 4 to Deck 2 when her shoe was caught in an exposed, protruding edge of a metal nosing, causing her to lose her balance, fall and sustain serious injuries including a left tibial fracture documented onboard the vessel.

14.    Due to the position of the exposed nosing on the staircase as the Plaintiff descended, the exposed nosing was not readily visible or otherwise obvious to her as she descended the staircase.

15.    As a direct and proximate result of falling on the staircase as alleged above, the Plaintiff was injured in and about her body and extremities, sustaining injuries including a tibial fracture, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

conditions. Furthermore, she incurred past and future medical, hospital, and other out of pocket and health care expenses as a result of her injuries; the future medical, hospital and health care expenses being reasonably certain to occur, and sustained a loss of earnings or earning capacity. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE

16.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-15 above.

17.     At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain onboard staircases in a reasonably safe condition and to correct any hazards on onboard staircases of which it had actual or constructive notice.

18.     At all material times there existed a dangerous condition on the onboard staircase leading from Deck 4 to Deck 2 of the CARNIVAL "HORIZON," to-wit: an exposed, protruding section of a metal nosing, posing a tripping hazard to passengers such as the Plaintiff descending the staircase.

19.     At all material times CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous exposed, protruding nosing referenced in the preceding paragraph, due to the length of time the nosing had been in a dangerous condition, the occurrence of prior similar incidents, or otherwise.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

20.     Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition posed by the exposed or protruding metal nosing as alleged above, CARNIVAL failed before the Plaintiff fell and was injured adequately to maintain its onboard staircase by repairing or correcting the dangerous condition and was thereby negligent.  The specific acts of negligence include one or more of the following:

a.     Failure timely and adequately to inspect the staircase on which the Plaintiff fell for hazards caused by defective nosings;

b.     Failure to cordon off or restrict access to the dangerous area of the staircase;

c.     Failure timely to correct the dangerous condition of the staircase on which the Plaintiff fell;

d.     Failure adequately to maintain the staircase.

21.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

22.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-15 above.

23.     At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps adequately to warn its passengers, including the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Plaintiff, of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

24.     At all material times there existed a dangerous condition on the onboard staircase leading from Deck 4 to Deck 2 of the CARNIVAL "HORIZON," to-wit: an exposed, protruding section of a metal nosing, posing a tripping hazard to passengers such as the Plaintiff descending the staircase.

25.     At all material times CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous exposed, protruding nosing referenced in the preceding paragraph, due to the length of time the nosing had been in a dangerous condition, the occurrence of prior similar incidents, or otherwise.

26.     Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition posed by the exposed or protruding metal nosing as alleged above, CARNIVAL failed before the Plaintiff fell and was injured adequately to warn passengers including the Plaintiff of the dangerous condition through orally delivered or written warnings, appropriate markings or signage, cordoning off the dangerous area, or otherwise.

27.     As a direct and proximate result of the Defendant's negligent failure to warn as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

        **WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

## **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 27th day of October, 2021.

> ***s/Nicholas Gerson***
> Philip M. Gerson, Esq.
> Florida Bar No.: 127290
> pgerson@gslawusa.com
> Nicholas I. Gerson, Esq.
> Florida Bar No. 20899
> ngerson@gslawusa.com
> Edward S. Schwartz , Esq.
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> David L. Markel, Esq.
> Florida Bar No. 78306
> dmarkel@gslawusa.com
> Jared Ross, Esq.
> Florida Bar No. 0083857
> jross@gslawusa.com
> Gerson& Schwartz, P.A.
> 1980 Coral Way
> Miami, Florida 33145
> Telephone:     (305) 371-6000
> Facsimile:     (305) 371-5749
> *Attorneys for Plaintiff*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com