UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23787-CIV-SMITH

ANGELIQUE CHAPPELL,

    Plaintiff,
vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT OF MAGISTRATE JUDGE

This matter is before the Court upon the Magistrate Judge's Report and Recommendation [DE 63] on Defendant's Motion for Summary Judgment. In the Report and Recommendation, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment [DE 34] be granted in part and denied in part.

Plaintiff, Angelique Chappell, filed suit seeking damages for injuries she sustained after falling aboard Defendant, Carnival Corporation's cruise ship, the *Horizon*. Plaintiff alleges that she slipped and fell on the second to last step of a carpeted staircase when she and her husband were returning to their room after consuming alcohol and gambling at the casino on Deck 4. The steps each have a metal nosing which consists of grooved rubber strips between its metal portions. Plaintiff alleges negligent maintenance and negligent failure to warn in her two-count Amended Complaint. In making out her claims, Plaintiff alleges that Defendant breached its duty of care owed to her when Defendant allowed one or both of the following two dangerous conditions to cause her fall and ensuing injuries: 1) "a wet, foreign, or transitory substance on the second to last

step of the staircase;" and 2) "the stair contained inadequate nonskid material on the nosing of the stair, causing the stair to be inadequately slip resistant." (Am. Compl. [DE 21] ¶¶ 13-14).

Defendant moves for summary judgment on both counts arguing that Plaintiff cannot show that there was a liquid or slippery substance on the second to last step, that the metal nosing on the step contained inadequate nonskid material or that it was not uniformly slip resistant, and that the alleged dangerous conditions either did not exist or were open and obvious such that Defendant had no duty to warn. After review and evaluation, the Magistrate Judge found that there was no genuine dispute that Plaintiff could not prove the presence of a liquid or slippery substance on the second to last step. For that reason, the Magistrate Judge found that Defendants were entitled to summary judgment as to this issue as raised in both counts of the Amended Complaint. As to the issue of whether the metal nosing on the step contained inadequate nonskid material or that it was not uniformly slip resistant, the Magistrate Judge found that there was a genuine dispute of material fact as to whether the non-uniformity claimed by Plaintiff's expert engineer, Dr. Correa, created a dangerous condition which caused Plaintiff's fall. Thus, the Magistrate Judge found that Defendants were not entitled to summary judgment on that issue.

As a collateral matter, Defendant filed a motion to strike Dr. Correa's expert testimony. Dr. Correa provided expert testimony on, inter alia, the design of the staircase, including the handrails, nonskid material, and sloped tread surface, as well as Carnival's actual or constructive notice, whether the alleged unsafe conditions were readily apparent, and whether Carnival was at fault. (*See* [DE 57]). The Magistrate Judge excluded the portion of Dr. Correa's testimony regarding design of the staircase because Plaintiff did not include a claim for negligent design in her Amended Complaint. The Magistrate Judge found that prejudice to Defendant substantially outweighed the probative value of Dr. Correa's design opinions and would potentially mislead or

confuse the trier of fact. Additionally, the Magistrate Judge excluded Dr. Correa's opinion on Defendant's notice and fault regarding the design of the staircase, including the handrails and sloped tread surface, finding that they constituted legal conclusions that improperly invade the province of the jury. Notably, the Magistrate Judge declined to exclude Dr. Correa's expert testimony regarding the slip resistance of the walking surface on the staircase based on his observations and findings outlined in his Report.

Pursuant to the Local Rules for the United States District Court, Southern District of Florida, the Magistrate Judge ordered that the parties had "fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections." Neither party has filed Objections to the Magistrate Judge's Report and Recommendation. Having reviewed, *de novo*, the Magistrate Judge's Report and Recommendation to District Judge and the record, and given that Plaintiff has filed no Objections, it is

**ORDERED** that:

1) The Report and Recommendation to District Judge [DE 63] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2) Defendant's Motion for Summary Judgment [DE 34] is **GRANTED in part and DENIED in part:**

    (a) Defendant's Motion is **GRANTED** as to Counts I and II of the Amended Complaint to the extent they are based on allegations of a wet or slippery substance on the subject stairs.

    (b) Defendant's Motion is **DENIED** as to Counts I and II of the Amended Complaint to the extent they are based on allegations regarding the slip resistance of the nosing on the subject stairs.

3) Plaintiff is precluded from adducing evidence at trial regarding the design of the subject stairs, in particular the size of the handrails and slope of the steps in support of Plaintiff's negligent maintenance and failure to warn claims.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 9th day of August 2023.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:  Counsel of record